JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-00179-RGK (Ex) | Date | March 20, 2015 |
|---|---|---|---|
| Title | *BRUCE v. THE HOME DEPOT U.S.A., INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 9)**

## I. INTRODUCTION

On November 10, 2014, Alfonso Bruce ("Plaintiff") filed this action in state court against The Home Depot U.S.A., Inc. ("Defendant"), asserting a single claim for Premises Liability (Negligence). On January 9, 2015, Defendant removed the case to federal court based on diversity jurisdiction.

Presently before the Court is Plaintiff's Motion to Remand ("Motion"). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges a claim for Premises Liability arising from a slip and fall incident taking place at one of Defendant's stores. Plaintiff is a citizen of California. Defendant is a Delaware corporation with its principle place of business in Georgia. On November 24, 2014, Plaintiff amended the Complaint to name an additional defendant, KBS MANAGEMENT SERVICES, INC. ("KBS"). KBS is a California corporation with its principle place of business also in California. According to Plaintiff, KBS provides maintenance services for Defendant and is responsible for maintaining the interior floors of the subject Home Depot store. On January 9, 2015, Defendant removed the case to federal court.

## III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. The removal statute is strictly construed against

a finding of removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party invoking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## IV.   DISCUSSION

Plaintiff asserts that remand is warranted because there is a lack of complete diversity, depriving the Court of its sole basis for subject matter jurisdiction. The Court agrees.

Defendant claims removal jurisdiction under 28 U.S.C. § 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 235 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

The Complaint alleges that Plaintiff is a citizen of California. Additionally, Plaintiff represents, and Defendant does not contest, that KBS is also a citizen of California. (*See* Pl.'s Mot., 5:20–23; ECF No. 1, Notice of Removal, Exh. A at 27) (naming "KBS Management Services, Inc., a California corporation").) Plaintiff amended his Complaint to add KBS as a defendant on November 24, 2014, well before Defendant removed this case to federal court. Thus, at the time Defendant removed the case, it appears that complete diversity was lacking.

Defendant's sole challenge is that Plaintiff has failed to comply with Local Rule 7-3, which requires a moving party to confer with the non-moving party at least seven days prior to the filing of a motion. Defendant does not dispute KBS's California citizenship, nor does it challenge the propriety of KBS's joinder. Plaintiff's purported failure to meet and confer prior to filing the Motion is not a ground for retaining this case where the Court lacks subject matter jurisdiction.

Defendant has the burden of establishing that removal was proper, and it has failed to carry its burden here. Accordingly, the Court must remand this case to state court for all further proceedings.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

                                                                                                                  :

**Initials of Preparer**